IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| LOUIS JOHNSON ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | FILE NO. _____ |
| City of Rome, Georgia, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff Louis Johnson ("Plaintiff"), by and through undersigned counsel, brings this Verified Complaint against Defendant City of Rome, Georgia ("Defendant"), under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (FLSA) for Defendant's willful failure to pay Plaintiff's overtime compensation and for other relief on the grounds set forth herein and states as follows:

## JURISDICTION AND VENUE

1.

This court has jurisdiction over this claim in controversy as it arises from a federal question under 29 U.S.C. § 216(b), involving claims arising out of the

unlawful employment practices described herein during Plaintiff's employment with Defendant.

2.

Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), 29 U.S.C. § 216(b) and L.R. 3, Northern District of Georgia, because all, or substantially all, of the unlawful employment practices alleged in this Verified Complaint occurred in this District.

**PARTIES**

3.

Plaintiff is a resident of the State of Georgia and is subject to the jurisdiction of this Court.

4.

Defendant is a municipality located in Floyd County, Georgia and may be served through its Mayor, Jamie Doss at P.O. Box 1433, Rome, Georgia 30162-1433. Defendant is subject to the jurisdiction and venue of this Court.

5.

The City of Rome Police Department is a city government agency and division of the City of Rome, Georgia located in Floyd County, Georgia.

6.

Plaintiff worked for Defendant at the City of Rome Police Department from August 2000 through February 20, 2014.

7.

Plaintiff was an "Employee" as defined under the FLSA, 29 U.S.C. § 203(e)(2)(c).

8.

Plaintiff performed non-exempt labor for the Defendant within the last three (3) years.

9.

During his employment with the Defendant, Plaintiff consistently worked more than 160 hours in a consecutive 28 day period and was not compensated for all actual hours worked.

10.

During his employment with the Defendant, Plaintiff worked more than 171 hours in a consecutive 28 day period and was not paid the overtime wage differential required under the FLSA, 29 U.S.C. § 207.

11.

Upon information and belief, Defendant was Plaintiff's "Employer" pursuant to 29 U.S.C. § 203(d).

## FACTUAL ALLEGATIONS

12.

Plaintiff incorporates Paragraphs 1 through 11 as if the same were fully expressed herein.

13.

During the past three years, through February 25, 2014, Plaintiff worked for the City of Rome Police Department, which is a public agency in the State of Georgia.

14.

Plaintiff was hired by Defendant in 2000 as an Officer with the City of Rome Police Department.

15.

Plaintiff was promoted to Sergeant in February 2010, then to Lieutenant in June 2011, and finally to Captain in September 2013.

16.

FLSA guidelines mandate that non-exempt personnel are to be compensated for all hours actually worked during a designated pay period.

17.

FLSA guidelines require that law enforcement personnel who work more than one hundred seventy one (171) hours in a twenty-eight (28) day consecutive period be paid overtime for time worked over the one hundred seventy one (171) hours.

18.

The City of Rome Police Department Standard Operating Procedures provide that "[a] non-exempt employee will be compensated at straight time for time worked beyond the scheduled hours up to 171 hours. Any time worked in excess of 171 hours will be paid at one and one-half hourly rate in accordance with FLSA." See Plaintiff's Exhibit A attached hereto, Rome Police Department Standard Operating Procedures.

19.

During the past three years, Plaintiff routinely worked more than 160 hours in a 28 day consecutive work period. Upon information and belief, Defendant failed to keep track of these hours.

20.

During the past three years, Plaintiff worked more than 171 hours in a 28 day consecutive work period. Upon information and belief, Defendant failed to keep track of these hours.

21.

Plaintiff was not compensated for all hours worked, even though he consistently worked more than 160 hours.

22.

Plaintiff was not compensated at a rate of time and a half for hours worked in excess of 171 hours in a 28 day consecutive work period.

23.

Defendant failed to compensate Plaintiff for hours actually worked in excess of 160 in a 28 day consecutive work period.

24.

Defendant failed to pay Plaintiff overtime wage differential as required by FLSA 29 U.S.C. § 207 for all occasions when Plaintiff worked more than 171 hours in a 28 day consecutive work period.

25.

Defendant managed, controlled, and directed the tasks, hours, schedule, and manner of payment for Plaintiff during the past three years.

26.

Upon information and belief, Defendant was not exempt from application of the overtime compensation requirements under FLSA 29 U.S.C. § 207 and/or § 213.

27.

Upon information and belief, Plaintiff was a non-exempt employee at all times relevant to the above styled action.

28.

The FLSA exemptions provided for do not apply to "police officers, detectives, deputy sheriffs, state troopers, highway patrol officers, investigators, inspectors, correctional officers, parole or probation officers, park rangers, fire fighters, paramedics, emergency medical technicians, ambulance personnel, rescue workers, hazardous materials workers and similar employees, regardless of rank or pay level, who perform work such as preventing, controlling or extinguishing fires of any type, rescuing fire, crime or accident victims; preventing or detecting crimes; conducting investigations or inspections for violations of law; performing

surveillance; pursuing, restraining and apprehending suspects, detaining or supervising suspected and convicted criminals, including those on probation or parole; interviewing witnesses; interrogating and fingerprinting suspects; preparing investigative reports; or other similar work." <u>See</u> Plaintiff's Exhibit B attached hereto, U.S. Department of Labor, Wage and Hour Division, Fact Sheet #17A: Exemption for Executive, Administrative, Professional, Computer & Outside Sales Employees Under the Fair Labor Standard Act (FLSA).

29.

Plaintiff, as a non-exempt employee, was required to be compensated for all hours worked above 160 hours in a 28 day consecutive work period.

30.

Plaintiff, as a non-exempt employee, was required to be compensated at the rate of one and one half times his hourly rate for each hour worked in excess of 171 hours in a 28 day consecutive work period.

31.

Alternatively, as a non-exempt employee, Plaintiff was required to receive compensatory time off at a rate of one and one half times his hourly rate for overtime hours worked.

32.

Upon information and belief, Defendant forced employees to select compensatory time in lieu of overtime pay for overtime hours worked by using the fear of retaliation if they failed to do so.

33.

Defendant knew or should have known that the FLSA overtime wage differential applied to Plaintiff.

34.

Upon information and belief, when the Defendant refused to pay Plaintiff the overtime wage differential as required by federal law, Defendant was not relying on any letter ruling from the Department of Labor indicating that Plaintiff was not entitled to overtime wage differential.

35.

Upon information and belief, Defendant was informed, through its employees and agents, that it had failed to pay the required overtime wage differential to Plaintiff, but failed to rectify its errors and comply with the law.

36.

Defendant is liable to Plaintiff for any and all time worked in excess of 160 hours in a 28 day consecutive work period at Plaintiff's hourly rate of pay.

37.

Defendant is liable to Plaintiff for any and all time worked in excess of 171 hours in a 28 day consecutive work period of at least one and one half times his calculated hourly rate.

38.

Defendant's conduct constitutes willful violations of 29 U.S.C. §§ 207 and 215 of the FLSA, entitling Plaintiff to all relief available under the FLSA, including an award of liquidated damages, attorney fees, and cost of litigation pursuant to 29 U.S.C. § 216.

## **COUNT ONE**

## **VIOLATION OF FLSA 29 U.S.C. §§ 207, 215**

39.

Plaintiff incorporates Paragraphs 1 through 38 as if the same were fully expressed herein.

40.

Defendant's failure to compensate Plaintiff for his time actually worked between 161 hours and 171 hours in a 28 consecutive day work period at Plaintiff's hourly rate of pay is a violation of FLSA 29 U.S.C. §§ 207 and 215.

41.

Defendant's failure to compensate Plaintiff for his time actually worked in excess of 171 hours in a 28 consecutive day work period on the basis of one and one half times his calculated rate of pay is a violation of FLSA 29 U.S.C. §§ 207 and 215.

42.

Defendant required Plaintiff to work more than 160 hours in a 28 consecutive day work period without paying Plaintiff the entirety of the overtime wage differential to which he is entitled.

43.

Defendant's violations are intentional and willful as Defendant knew, or should have known, that it was required to pay Plaintiff an overtime wage differential pursuant to the FLSA.

44.

Defendant willfully failed to accurately report, record, and/or preserve records of hours actually worked by Plaintiff, and thus failed to make, keep, and preserve records with respect to its employees sufficient to determine their wages, hours, and other conditions and practices of employment, all in violation of the FLSA.

45.

Defendant's conduct was willful and in bad faith.

46.

Defendants willful and bad faith violations give rise to a claim for relief pursuant to FLSA 29 U.S.C. § 216.

WHEREFOR, Plaintiff requests that this Court

1) Grant a trial by jury as to all triable issues of fact;

2) Issue a judgment awarding Plaintiff:

   a. All past due unpaid wages;

   b. All unpaid overtime wage differential pursuant to FLSA 29 U.S.C. § 207;

   c. Liquidated damages as provided by 29 U.S.C. § 216;

   d. Pre-judgment interest on unpaid wages pursuant to 29 U.S.C. § 216;

   e. Court costs, expert witness fees, attorney fees, and other expenses of litigation as provided under 29 U.S.C. § 216;

   f. Any and all other remedies allowed under the FLSA; and

3) Any and all such other relief this Court allows.

This 11th day of December, 2014.

                                          LoRusso Law Firm, P.C.

                                          /s/ Lance J. LoRusso
                                          Lance J. LoRusso
                                          Georgia Bar No. 458023
                                          Attorney for Plaintiff

1827 Powers Ferry Road
Building 8, Suite 200
Atlanta, Georgia 30339
770-644-2378
770-644-2379 (fax)
lance@lorussolawfirm.com

This Document Appears In Times New Roman 14 Point Font.